UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOME DEBUT INC., <br><br> Plaintiff, <br><br> v. <br><br> JUSTSNOOPING.COM INC., <br><br> Defendant. | NO. CV-07-0146-RHW <br><br> **ORDER DENYING THE PARTIES' MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** |

Before the Court is the parties' Motion for Entry of Stipulated Protective Order (Ct. Rec. 52). The parties ask the Court to enter their proposed Stipulated Protective Order, which would allow the parties to designate as "CONFIDENTIAL" "any trade secret or other confidential research, design, development, financial, or commercial information contained in any document, discovery response or testimony, or any other information which a party in good faith believes should be treated as 'CONFIDENTIAL' and is properly subject to protection under Federal Rules of Civil Procedure 26(c)." Once a document receives such a designation, it is subject to the special rules set forth in the protective order that cover the dissemination and use of the specified document or information. The proposed protective order also states that if the designated material is to be included in any papers filed with the Court, it must be filed under seal until further order from the Court.

Generally, the manner in which the parties agree to manage the dissemination and use of the information between themselves during the discovery

**ORDER DENYING THE PARTIES' MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ~ 1**

process does not cause the Court concern.  The parties' proposed protective order, however, does more than manage the dissemination and use of certain materials during the discovery process.  Rather, the proposed protective order would eliminate the necessity of demonstrating good cause and permit the parties to file documents under seal without judicial review.[1]  As such, it is the policy of this District and the Judges therein not to enter blanket Protective Orders.  However, the parties are free to enter, without any court approval, into an agreement as to matters contained in the requested protective order.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Motion for Entry of Stipulated Protective Order (Ct. Rec. 52) is **DENIED**.

2. The parties' Motion to Expedite Hearing for Entry of Stipulated Protective Order (Ct. Rec. 54) is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 19th   day of December, 2007.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Court

Q:\CIVIL\2007\Home Debut, Inc\pro.ord.wpd

---

[1] Fed. R. Civ. P. 26(c) requires, however, that the party asserting good cause bear the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.  *Foltz v. State Farm Mut. Auto. Insur. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

**ORDER DENYING THE PARTIES' MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** ~ 2