UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOME DEBUT INC., <br>     Plaintiff, <br>     v. <br> JUST SNOOPING.COM, INC., <br>     Defendant. | NO. CV-07-146-RHW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Summary Judgment (Ct. Rec. 76). The motion was heard without oral argument and without opposition from Defendant.

On March 19, 2010, Plaintiff filed its Motion for Summary Judgment. On April 12, 2010, Defendant asked that the hearing on the motion be continued to permit Defendant's newly retained counsel to respond to Plaintiff's Motion for Summary Judgment. The Court granted Defendant's request and set forth a briefing schedule. Defendant's response was due on May 26, 2010. No responsive briefing has been filed by Defendant.

The parties had previously entered into a settlement agreement that granted Defendant a non-exclusive license to use Plaintiff's virtual property tour system. Defendant was to pay Plaintiff $350,000 in license fees in $50,000 annual installments over five (5) years, with the first $50,000 due at settlement and the subsequent payments due June 6th of each year thereafter.

In June, 2009, the parties agreed to modify the license fee payment schedule.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Defendant was permitted to divide the June 2009 $50,000 payment into four (4) $12,500 installments payable on the following dates: June 6, 2009, September 6, 2009, December 6, 2009, and March 6, 2010. Thereafter, Defendant would resume annual $50,000 payments under the Agreement.

Defendant made the first two quarterly payments, but failed to make the December 6, 2009 payment, as required under the Agreement. Under the Agreement, in the event of a material breach, Plaintiff is permitted to terminate the non-exclusive license and seek damages as long as it provides Defendant a thirty-day notice and opportunity to cure. According to the record, Plaintiff provided adequate notice as required under the Agreement.

## ANALYSIS

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The moving party had the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets it initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial. *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Here, there is no genuine factual dispute that Defendant materially breached the Agreement by not paying its license fee obligations as required under the Agreement. As such, Plaintiff is entitled to recover the remaining license fees due and owing under the Agreement ($275,000 + interest), and the reasonable attorneys' fees and costs it expended to enforce the Agreement.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Ct. Rec. 76) is **GRANTED**.

2. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $275,000 plus interest (1.5% per month late payment fee).

3. Within ten (10) days from the date of this Order, Plaintiff shall submit briefing and supporting documentation in support of its request for reasonable attorneys' fees and costs it expended to enforce the Agreement.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 1st day of July, 2010.

　　　　　　　　　　　*s/Robert H. Whaley*
　　　　　　　　　　ROBERT H. WHALEY
　　　　　　　　　United States District Court

Q:\CIVIL\2007\Home Debut, Inc\grant.sj.wpd

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**